IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

JANE DOE,

    Plaintiff,

v.

JAMES HUGHES,

    Defendant.

Civil Action
File No.:

## COMPLAINT FOR DAMAGES

COMES NOW, JANE DOE, Plaintiff in the above styled action, and files this Complaint for Damages against Defendant JAMES HUGHES, and shows the Court as follows:

### PARTIES

1.

Plaintiff JANE DOE (hereinafter referred to as "Plaintiff") is an adult United States citizen and resident of the State of Michigan. Plaintiff requests anonymity as set forth in the motion filed concomitantly with this Complaint.

2.

Defendant JAMES HUGHES (hereinafter referred to as "Defendant" or "Defendant Hughes") is a citizen and resident of the State of Georgia, domiciled in

Haralson County, Georgia.  Defendant Hughes may be served with process at 180 Broad Street, Tallapaloosa, Georgia 30176. Once Defendant has been so served, he will be subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

3.

Jurisdiction over Defendant is proper pursuant to 28 U.S.C. § 1331.

4.

Venue is proper in this district pursuant to 28 U.S.C.§ 1391.

## STATEMENT OF FACTS

5.

Plaintiff was previously an acquaintance of Defendant James Hughes.

6.

During Plaintiff Doe's and James Hughes' acquaintanceship, Plaintiff shared several photographs that contained intimate visual depictions of Plaintiff.

7.

Plaintiff intended for these intimate visual depictions to be viewed solely by Defendant Hughes. Plaintiff's intimate visual depictions were not intended for distribution to anyone other than Defendant.

8.

Beginning on an unknown date and continuing through February 26, 2023, Defendant Hughes disclosed these intimate visual depictions of Plaintiff Jane Doe by posting (and maintaining the post for public access) said images of Plaintiff on a publicly viewable pornographic website.

9.

Plaintiff did not consent to this disclosure.

10.

In the alternative, Defendant Hughes acted with reckless disregard as to whether Plaintiff had consented to such disclosure.

11.

Defendant Hughes used a means or facility of interstate or foreign commerce to disclose the intimate visual depictions of Plaintiff when he used the internet and cellular networks to disclose photos and/or videos which contained intimate visual depictions of Plaintiff.

## CAUSE OF ACTION
## Civil action relating to disclosure of intimate images
## 15 U.S.C. § 6851

12.

Plaintiff repeats and incorporates by reference each and every allegation set forth above, as though fully set forth here.

13.

Beginning on an unknown date and continuing through February 26, 2023, Defendant Hughes disclosed photographs which contained intimate visual depictions of Plaintiff on a publicly viewable pornographic website.

14.

Defendant used a means or facility of interstate or foreign commerce to disclose the intimate visual depictions of Plaintiff when she used the internet and cellular networks to disclose video which contained an intimate visual depiction of Plaintiff.

15.

Plaintiff did not consent to this disclosure.

16.

In the alternative, Defendant acted with reckless disregard as to whether Plaintiff had consented to such disclosure.

17.

Plaintiff has suffered damages as a result.

18.

Plaintiff is entitled to liquidated damages in the amount of $150,000.00 against Defendant Hughes for this disclosure, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred pursuant to 15 U.S.C. § 6851(b)(3)(i).

19.

Plaintiff is also entitled to equitable relief, including a permanent injunction ordering the Defendant to cease all display or disclosure of the visual depiction pursuant to 15 U.S.C. § 6851(b)(3)(ii).

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant, and for the following relief:

- A. Finding Defendant James Hughes liable under 15 U.S.C. § 6851;

- B. Awarding Plaintiff liquidated damages in the amount of $150,000 against Defendant, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred pursuant to *15 U.S.C. § 6851(b)(3)(I)*;

- C. Granting appropriate injunctive relief against Defendant pursuant to *15 U.S.C. § 6851(b)(3)(ii)*; and

D.    Awarding such other and further available relief and any other relief the Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

This 7th day of March, 2023.

/s/ Joseph W. Weeks
Joseph W. Weeks
Attorney for Plaintiff
Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Ste. 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)

/s/ Saam Ghiaasiaan
Saam Ghiaasiaan
Attorney for Plaintiff
Georgia Bar No. 137334

125 Clairemont Ave., Ste. 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)