IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

JANE DOE,

      Plaintiff,                         Civil Action
                                         File No.:

v.

JAMES HUGHES,

      Defendant.

## MEMORANDUM IN SUPPORT OF MOTION

The Plaintiff is a victim of what is commonly referred to as "revenge porn." Plaintiff asserts that Defendant distributed via the internet and cellular networks multiple intimate visual depictions of the Plaintiff. These depictions were disclosed to the general public, including to Plaintiff's friends and associates, who notified Plaintiff of the disclosure. Forcing Plaintiff to disclose her identity in public court records could subject her to even more embarrassment. Plaintiff therefore seeks permission to proceed in this action under the pseudonym "Jane Doe" and seeks entry of a protective order barring dissemination of her true name and requiring that any documents containing her true name be filed under seal.

## ARGUMENT

As a general matter, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a).   Nonetheless, this rule is not absolute. Plaintiff B v. Francis, 631

F.3d 1310, 1315–16 (11th Cir. 2011).  A party may proceed anonymously in a

civil suit in federal court by showing that he "has a substantial privacy right which

outweighs the 'customary and constitutionally-embedded presumption of

openness in judicial proceedings." Id.  In addition, Fed. R. Civ. P. 26(c)(1)

specifically authorizes the Court "for good cause" to "issue an order to protect a

party or person from annoyance, embarrassment, oppression, or undue burden or

expense" upon the plaintiff s motion. The Court may grant a protective order under

Rule 26(c)(1) for "good cause" and has "broad discretion.. .to decide when a

protective order is appropriate and what degree of protection is required." Seattle

Times Co. v. Rhinehart, 467 U.S. 20,36 (1984).

Here, the plaintiffs privacy interests outweigh the general presumption of

open records. This case requires the Plaintiff to disclose information of the utmost

intimacy.

The federal statute upon which this claim is based anticipates that

pseudonyms will be used by plaintiffs who seek redress in Court. *See 15 U.S.C. §

6851 (b)(3)(B)* ("In ordering relief under subparagraph (A), the court may grant

injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym.")

Therefore, Plaintiff respectfully submits that a pseudonym is appropriate.

WHEREFORE, the Plaintiff prays for leave to be referred to as "John Doe" and

that the attached protective order be entered.


          RESPECTFULLY SUBMITTED, on this the 7th day of March 2023.


                    /s/ Joseph W. Weeks
                    Joseph W. Weeks
                    Attorney for Plaintiff
                    Georgia Bar No. 912341

McNALLY WEEKS
125 Clairemont Ave., Ste. 450
Decatur, GA 30030
404-373-3131 (phone)
404-373-7286 (facsimile)